FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA  2005 DEC 15  PM 1: 13

STATESBORO DIVISION                    CLERK _L. Flanders_
                                       SO. DIST. OF GA.

MICHAEL J. COREY,                      )
                                       )
       Plaintiff,              )
                                       )
v.                                     )   CV 605-114
                                       )
GEORGIA BOARD OF CORRECTIONS;          )
COMMISSIONER JAMES E. DONALD,          )
Georgia Department of Corrections;     )
RAYMOND HEAD, Inmate Affairs and       )
Appeals; WARDEN HUGH SMITH,            )
Georgia State Prison; and RYAN         )
TOMBLIN, Librarian, Georgia State Prison, )
                                       )
       Defendants.             )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's complaint and prior history of case filings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, Compl. form, pp. 1-3). Plaintiff acknowledged having brought one prior lawsuit in the Northern District of Georgia against the Georgia Board of

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

Pardons and Paroles around the time period of August of 2001, and he acknowledged that that lawsuit was dismissed as frivolous, malicious, or for failure to state a claim.[2] (Id. at 2-3). Plaintiff's responses were made under penalty of perjury. (Id. at 5).

However, the Court is aware of at least two additional federal cases that Michael J. Corey, EF #274404/GDC #413416, has filed: (1) Corey v. Wetherington, 6:2003-cv-00100 (S.D. Ga. Aug. 20, 2003), and (2) Corey v. Bibbings, 3:95-cv-00052 (S.D. Ga. Oct. 3, 1995).[3] Thus, Plaintiff clearly provided false information about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

---

[2] Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2).

[3] Plaintiff's filing history also reveals a third case, Corey v. Georgia Board of Pardons and Paroles, 1:03-cv-00182 (N.D. Ga. Jan. 3, 2003), that was filed in the Northern District on January 3, 2003 and dismissed on March 28, 2003. The lawsuit Plaintiff acknowledged filing was in Northern District of Georgia against the Georgia Board of Pardons and Paroles, but he suggested that case was filed in August of 2001 and dismissed in February or March of 2002. The Court presumes that this is the case that Plaintiff acknowledged filing, with only the dates having been confused.

3

Rivera, 144 F.3d at 731 (citations omitted).[4]

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** and that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process. See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right." Id.).

SO REPORTED and RECOMMENDED this 15th day of December, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]The practice of dismissing a case as a sanction for providing false information about a prior filing history has been previously utilized in the Southern District. See Shaw v. Smith, 6:2003-cv-00066 (S.D. Ga. May 30, 2003).