IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| MICHAEL J. COREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 605-114 |
| | ) |
| GEORGIA BOARD OF CORRECTIONS; | ) |
| COMMISSIONER JAMES E. DONALD, | ) |
| Georgia Department of Corrections; | ) |
| RAYMOND HEAD, Inmate Affairs and | ) |
| Appeals; WARDEN HUGH SMITH, | ) |
| Georgia State Prison; and RYAN | ) |
| TOMBLIN, Librarian, Georgia State Prison, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Now that the Magistrate Judge has identified discrepancies with the information Plaintiff provided concerning his prior filing history in federal court - information required by the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" - Plaintiff argues that these "relatively trivial matters" should be excused because the omitted cases "would not alter the grant of I.F.P. and have no relevance to the present claim." (Doc. no. 6, pp. 2,3). He does not deny that his complaint, submitted under penalty of perjury, fails to disclose a complete prior filing history.

Nothing in Plaintiff's objections persuades the Court to deviate from the Magistrate Judge's recommendation that this case should be dismissed without prejudice. As the Report and Recommendation explains, the Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). In Rivera, the Eleventh Circuit deemed a dismissed case as "strike-worthy" under 28 U.S.C. § 1915(g) because the prisoner plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit." Id. The district court that had dismissed the "strike-worthy" case thoughtfully ruled as follows:

> The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here Plaintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ -J-10 (M.D. Fla. May 2, 1996), doc. no. 4.

Here, Plaintiff's failure to disclose his prior filing history, one case which was dismissed merely two years prior to the instant case, is not a "trivial matter." As noted above, the failure to provide accurate information to the Court threatens the quality of justice

- by no means a "trivial matter." Moreover, Plaintiff's arguments reveal an understanding of the importance of disclosing his prior filing history. Indeed, Plaintiff's attempts to brush aside his omissions with the defense that the undisclosed cases were not "strikes" and therefore would not be an impediment to proceeding *in forma pauperis* ("IFP") in this case reveals his knowledge of the importance attached to a filing history.

The Court also observes that Plaintiff's complaint makes no mention of the current excuses - a faulty memory or lack of storage space - as reasons for being unable to recall more than one prior federal case filing. He simply acknowledged one case, period. The fact that Plaintiff can now recall specific details that were not disclosed in the Report and Recommendation about one of the dismissed cases, Corey v. Wetherington, 6:2003-cv-00100 (S.D. Ga. Aug. 20, 2003), demonstrates that regardless of what physical records Plaintiff may or may not maintain, he has knowledge that he filed more than the one case disclosed in his complaint.[1]

Finally, Plaintiff argues that his failure to disclose his prior filing history "should lend credence to the crux of his claim, i.e. inadequate access to the courts." (Doc. no. 6, p. 2). Not only does Plaintiff fail to explain in his objections how choosing not to disclose multiple prior case filings supports a claim of *denial* of access to the courts, but the complaint does

---

[1] Plaintiff's argument that Corey v. Bibbings, 3:95-cv-00052 (S.D. Ga. Oct. 3, 1995), should not be considered because it was filed prior to passage of the Prison Litigation Reform Act ("PLRA") is without merit. First, there is no time limitation listed on the complaint form. Second, in the Eleventh Circuit, cases dismissed before the enactment of the PLRA on April 26, 1996, still count as strikes under § 1915(g). Rivera, 144 F.3d at 730 ("Accordingly, we join other circuits in concluding that under section 1915(g), federal courts may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted prior to April 26, 1996."). Thus, there is no reason to discount consideration of case filings, strike-worthy or not, that were made prior to passage of the PLRA.

not state a viable First Amendment claim. The First Amendment safeguards the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. To that end, the Supreme Court has held that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). However, to state a viable access-to-the-courts claim, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous (and therefore viable) claims challenging the plaintiff's sentence or conditions of confinement. Lewis, 518 U.S. at 349-55; see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh Circuit has clarified the requirements for pursuing a denial-of-access-to-the-courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials.

Blankenship, 163 F.3d at 1290-91 (emphasis added) (citations omitted). Stated otherwise, there must be an allegation that the actions of prison officials "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action

seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)(*per curiam*)).

Here, Plaintiff claims only that he was "procedurally barred from appealing his recent state civil action" and that he has been further prevented from "filing other meritorious claims effectively." (Compl., p. 5). Plaintiff has not identified any actual injury. Although Plaintiff does allege that he was barred from pursuing an appeal in a civil action, he has not provided any information about the case tending to show that it was an "action[] under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" Lewis, 518 U.S. at 354. Likewise, Plaintiff's apparent contemplation of other, nondescript "meritorious claims" does not satisfy the actual injury requirement. Stated otherwise, Plaintiff has not identified any nonfrivolous, post-conviction claim or civil rights action that has been hindered by the library policy about which he now complains.

In any event, Plaintiff did not properly disclose his filing history. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Therefore, Plaintiff's motion to proceed IFP is **DENIED**, and this action is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.[2]

SO ORDERED this /0 day of January, 2006.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because the dismissal is without prejudice, Plaintiff may, subject to the parameters of the Federal Rules of Civil Procedure, file a new complaint, which would be given a new civil action number. Should Plaintiff choose to attempt to proceed IFP rather than pay the full $250.00 filing fee at the time he submits a new complaint, then he will also be held to the statutory requirements for IFP filings.